838 F.2d 1210
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James POUNCY, Jr., Plaintiff-Appellant,
v.
Doris R. CASEY, Clerk of Court, Defendant-Appellee.
 No. 87-6651.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 23, 1987.
Decided: Feb. 3, 1988.
 
 James Pouncy, Jr., appellant pro se.
 Before DONALD RUSSELL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Pouncy, Jr., a state inmate who was formerly incarcerated in Virginia and is presently incarcerated in Kentucky, appeals the district court's denial of mandamus relief under 28 U.S.C. Sec. 1361. We affirm.
 
 
 2
 Pouncy sought entry of an order compelling Doris R. Casey, Clerk of the United States District Court for the Eastern District of Virginia, to reassign his previously filed civil rights action from the Norfolk Division to the Richmond Division of the Eastern District. The district court denied relief, finding that Casey's assignment of Pouncy's complaint was in conformance with the system adopted by the district court for the assignment of civil rights actions and not in violation of any statutory venue provisions and that Pouncy was not, in view of his present incarceration in Kentucky, prejudiced by the assignment.
 
 
 3
 On appeal Pouncy maintains that he was entitled to bring his civil rights complaint in the Richmond Division wherein the defendants resided and the cause of action arose. He further maintains that Casey should not have assigned his mandamus action to Judge MacKenzie in the Norfolk Division and that Judge MacKenzie should have recused himself from the mandamus case in view of the fact that the civil rights complaint had been assigned to him. We find these contentions without merit.
 
 
 4
 Although 28 U.S.C. Sec. 1393 provides that suit shall be brought in the division wherein at least one of the defendants resides, this limitation applies only where the divisions within a district are created by statute rather than by local rule. See Weiss v. york Hospital, 745 F.2d 786, 812 (3d Cir.1984), cert. denied, 470 U.S. 1060 (1985). 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3809, at 87-88 (1986). The divisions within the Easttern District of Virginia are created by local rule, not by statute. See 28 U.S.C. Sec. 127; Rule 3, Rules of the United States District Court for the Eastern District of Virginia. Accordingly, Casey's assignment of Pouncy's civil rights case to Judge MacKenzie in the Norfolk Division in conformance with the assignment system followed in the Eastern District did not violate Sec. 1393. Nor did assignment of Pouncy's mandamus action to Judge MacKenzie violate Sec. 1393.
 
 
 5
 Finally, we reject Pouncy's contention that Judge MacKenzie was obliged to rescue himself. Judge MacKenzie was not a defendant in the mandamus action. His knowledge of the action, based as it was on a prior related case, did not provide a basis for recusal, and the record reveals no reason to question his impartiality. See United States v. Phillips, 664 F.2d 971, 1002-03 (5th Cir. Unit B 1981) (motion for recusal under 28 U.S.C. Sec. 144 or Sec. 455 may not ordinarily be predicated upon judge's rulings in same or related case; alleged bias must be extrajudicial), cert. denied, 457 U.S. 1136 (1982) and 459 U.S. 906 (1982).
 
 
 6
 We accordingly affirm the district court's denial of mandamus relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.